UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 01-4531

BOBBY LEE BROADDUS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-99-194-MU)

Argued: April 5, 2002

Decided: August 23, 2002

Before GREGORY, Circuit Judge, HAMILTON,
Senior Circuit Judge, and Gerald Bruce LEE,
United States District Judge for
the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Haakon Thorsen, Charlotte, North Carolina, for Appellant. Brian Lee Whisler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Robert J. Conrad, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

The issue presented is whether the District Court plainly erred by not holding a second competency hearing prior to sentencing, after the District Court ordered that Defendant-Appellant Bobby Lee Broaddus' "competency be determined again through any procedure necessary to ensure that Defendant receives due process under the law." This Court holds that plain error did not occur because reasonable cause did not exist to question Broaddus' mental competency. Therefore, the District Court's acceptance of Broaddus' guilty plea is affirmed.

### I.

On December 6, 1999, Defendant Bobby Lee Broaddus was indicted on five separate counts of (1) bank robbery, (2) bank larceny, (3) assault or placing in jeopardy the life of any person while committing a bank robbery, (4) possession of a firearm by a felon, and (5) possession of a handgun during a crime of violence. On April 14, 2000, the District Court appointed defense counsel, Haakon Thorsen, Esq., to represent Broaddus.[1]

During this time, Broaddus was taking antidepressant and antipsychotic medications. On April 19, 2000, Broaddus filed a notice that

---

[1] Mr. Thorsen was appointed to replace James Gronquist, Esq., who was previously appointed on November 28, 1999 to represent Broaddus in this matter. On March 9, 2000, Mr. Gronquist moved to withdraw as counsel on the basis that his attempts to discuss trial strategy and the plea offer with Broaddus had broken down. According to Mr. Gronquist, Broaddus only wants to discuss his religious beliefs that God has forgiven him; therefore, the court is required to forgive him as well. (J.A. 14). The District Court allowed Mr. Gronquist to withdraw as counsel and Mr. Thorsen was appointed in his place. (J.A. 16).

he intended to use the insanity defense. (J.A. 18). In response, the Government filed a motion for a pretrial psychiatric or psychological examination, which was granted by the District Court. (J.A. 20-23). From June 21 until July 5, 2000, Broaddus' competency was evaluated at the Federal Correction Institute in Milan, Michigan. (J.A. 54-59). On July 6, 2000, the examining psychologist noted that Broaddus reported that he had hallucinatory experiences at the outset of the evaluation, however, these episodes diminished quickly and were not problematic probably because Broaddus was treated at the Federal Corrections Institute with antipsychotic medication. (J.A. 57). The psychologist concluded that:

> Although it has been noted that Mr. Broaddus suffers from Psychotic Disorder NOS, Alcohol and Cocaine Dependence in Remission, Cannabis Abuse, and Borderline Intellectual Functioning, these disorders currently do not significantly impair his ability to communicate effectively and to interact with others. He is able to understand the processes of the court (and ask his attorney for necessary clarifications), cooperate with counsel in a rational manner, and to provide factual data as well as appreciate possible outcomes and penalties.

(J.A. 58). On August 22, 2000, the District Court held a competency hearing and found Broaddus to be competent to stand trial. (J.A. 6).

On September 14, 2000, Broaddus signed a plea agreement where he waived his right to contest his conviction and the sentence in any direct appeal. (J.A. 26-30). On October 10, 2000, Broaddus appeared before Magistrate Judge Carl Horn, III, for a Rule 11 hearing, where he acknowledged the charges against him and agreed to plead guilty. *See* FED. R. CRIM. P. 11. During his Rule 11 hearing, in response to Magistrate Judge Horn's questions Broaddus acknowledged that (1) he was not under any influence of alcohol, medicines, or drugs; (2) his mind was clear; (3) he fully understood the charges against him; (4) he was guilty of the relevant counts; (5) he understood and agreed with the terms of the written plea agreement; (6) his plea was voluntary and entered without coercion; (7) he had ample time to discuss his case with his counsel; and (8) he was satisfied with counsel's services. (Supplemental J.A. ("S.J.A.") 5, 6, 11, 12, 30, 31). During the

middle of the Rule 11 proceeding, Mr. Thorsen indicated that Broad-dus had some question about the charges and alluded to Broaddus' finding of competency.[2] (S.J.A. 11). Magistrate Judge Horn clarified the charges and Broaddus acknowledged that he understood the nature of the offense. Broaddus had no further questions.

In December 2000, Mr. Thorsen learned that Broaddus stopped taking his medication sometime in early August, which is before the Rule 11 hearing and before Broaddus signed his plea agreement. Accordingly, on December 12, 2000, Mr. Thorsen filed a motion to continue the sentencing date and for a second competency hearing on the basis that he recently learned that Broaddus had been refusing his antidepressant and antipsychotic medications in August 2000. (J.A. 31-33). On December 14, 2000, District Court Judge Robert Potter issued an Order continuing the matter, finding that:

> [T]he interests of justice are best served by granting the Defendant . . . another competency hearing . . . [and] ORDERED that Defendant's competency be determined again by the Magistrate Judge through any procedure neces-sary to ensure that Defendant receives due process under the law.

(J.A. 33A, B). Notwithstanding Judge Potter's Order, a subsequent competency hearing was never held.[3]

Ultimately, Judge Potter retired, and the case was reassigned to

---

[2]During the middle of this proceeding, Mr. Thorsen raised an issue with Magistrate Judge Horn that Broaddus would like the court to explain what consecutive means and reminded the judge that ". . . he had a competency hearing. He's been found competent to proceed, but he'd like to have Your Honor discuss with him . . . [the] seven year consecu-tive sentence." (S.J.A. 11).

[3]It is unclear from the record whether District Judge Potter's Order was ever referred to a particular magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A). In the normal course, it would be expected that a district judge's order be followed. However, it is not necessary for the Court to address such oversight at this time because there was no plain error in the proceedings on review.

District Judge Graham C. Mullen. (J.A. 33B, 34). On June 13, 2001, Judge Mullen conducted a hearing for the purpose of sentencing Broaddus, referenced the October 10, 2000 Rule 11 proceeding, and found that Broaddus' plea was knowingly and voluntarily made. (J.A. 35). During this hearing, Mr. Thorsen acknowledged that Broaddus had undergone a phenomenal change and was accepting the court's judgment. (J.A. 36). Mr. Thorsen never raised the issue of Broaddus not receiving a second competency hearing. Judge Mullen sentenced Broaddus to serve 180 months in the Bureau of Prisons for Count III, 120 months for Count IV to be run consecutively with Count III, and a seven year consecutive sentence for Count V. (J.A. 42). Judge Mullen further directed that the Bureau of Prisons provide Broaddus with mental health treatment and further evaluation. (J.A. 46).

Broaddus appealed his sentence on the ground that the District Court accepted Broaddus' plea and sentenced him without a second competency hearing being conducted. Broaddus' appeal is now before this Court.

## II.

Broaddus argues that his due process rights were violated because the "trial court" failed to conduct a competency hearing prior to sentencing. Broaddus argues that District Judge Potter found reasonable cause existed for a mental competency hearing when he ordered "that Defendant's competency be determined again by the Magistrate Judge through any procedure necessary to ensure the Defendant receives due process under the law." (J.A. 33B). Broaddus argues that Judge Potter found that reasonable cause exists; therefore, section 4241 required the court to conduct a competency hearing to determine whether Broaddus may be suffering from a mental disease or defect rendering him mentally incompetent to stand trial. *See* 18 U.S.C. § 4241. Accordingly, under section 4241, Broaddus argues that "the trial court" was required to conduct a competency hearing and, because the court failed to do so, the case should be remanded for a retrial.

The Government responds as follows in support of its contention that the District Court did not err in the proceedings under review. First, the Government argues that it was not a violation of Broaddus'

due process rights for Magistrate Judge Horn not to provide Broaddus with a second competency hearing because (a) no evidence suggested that Broaddus had difficulty understanding the proceedings against him nor that he lacked the ability to cooperate or consult with counsel rationally, and (b) a previous mental evaluation determined that Broaddus was competent to proceed to trial, able to understand court procedures, potential outcomes and penalties, and able to assist counsel in a rational manner. (J.A. 58). Second, Mr. Thorsen only speculates that Broaddus had been refusing his medication prior to the entry of the plea and that such refusal may have affected Broaddus' competency. However, defense counsel's lone opinion does not suffice to create reasonable cause in support of a second competency hearing. Third, even if this Court were to accept counsel's blanket assertions, the Government argues that defense counsel fails to demonstrate a nexus between the alleged refusal to receive medication and Broaddus' alleged inability to assist counsel or comprehend the proceedings.

## III.

A matter to which a party has failed to object in the proceeding under review is reviewed for plain error. *See United States v. Olano*, 507 U.S. 725, 730 (1993). In order to demonstrate plain error, the movant must show that an error occurred, that the error was plain, and that the error affected a substantial right. *See id.* at 732-33; *United States v. Jackson*, 124 F.3d 607, 614 (4th Cir. 1997). The affecting of substantial rights requires that errors have been prejudicial and have affected the outcome of the district court proceeding. *See Olano*, 507 U.S. at 734. If these conditions are met, then the court has discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Olano*, 507 U.S. at 732; *Jackson*, 124 F.3d at 614.

The conviction of a defendant when he is legally incompetent is a violation of due process. *See United States v. Mason*, 52 F.2d 1286, 1289 (citing *Drope v. Missouri*, 420 U.S. 162, 171-172 (1975)). The test for mental competence is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him." *Id.* (citing

*Dusky v. United States*, 362 U.S. 402 (1960)). A court is required to grant a motion for a hearing to determine a defendant's competency if the district court has reasonable cause to believe that the defendant has a mental defect rendering him incompetent. *See* 18 U.S.C. § 4241(a). It is within the district court's discretion to determine whether reasonable cause exists to believe a defendant is incompetent under section 4241. *See Mason*, 52 F.3d at 1289-90 (acknowledging that the "trial court must 'look at the record as a whole and accept as true all evidence of possible incompetence' in determining whether to order a competency hearing.")

Broaddus finds error with the proceedings on review because District Judge Mullen accepted Broaddus' plea without another competency hearing being conducted pursuant to Judge Potter's December 14th Order. On December 12, 2000, Mr. Thorsen moved for a competency hearing to take place, before Broaddus' guilty plea was accepted, on the basis that counsel had learned that Broaddus had been refusing his antidepressant and antipsychotic medications. (J.A. 33). On December 14, 2000, District Judge Potter found that:

> [T]he interests of justice are best served by granting the Defendant . . . another competency hearing . . . [and] ORDERED that Defendant's competency be determined again by the Magistrate Judge through any procedure necessary to ensure that Defendant receives due process under the law.

(J.A. 33A, B). Judge Potter did not specifically order a competency hearing nor did he specifically find reasonable cause existed to have Broaddus undergo a mental evaluation under 18 U.S.C. § 4241. However, under the Order, Judge Potter directed a magistrate judge to determine Broaddus' competency again in a procedure that would ensure his due process rights. (J.A. 33B). On June 13, 2000, Broaddus appeared before Judge Mullen who referenced Broaddus entering a guilty plea in October before Magistrate Judge Horn. (J.A. 35). Judge Mullen accepted Broaddus' plea based upon a finding that Broaddus knowingly and voluntarily pled guilty before Magistrate Judge Horn. Broaddus did not receive an interim hearing concerning his competency.

The lack of an interim procedure to determine Broaddus' mental competency is not plain error because it did not affect Broaddus' substantial rights. As stated earlier, the affecting of substantial rights requires that errors have been prejudicial and have affected the outcome of the district court proceeding. *See Olano*, 507 U.S. at 734. The outcome of the proceedings would be affected if Broaddus had a procedural right to a competency hearing or was legally incompetent when he pled guilty. *See United States v. General*, 278 F.3d 389, 397 (4th Cir. 2002) (addressing a defendant's procedural right to a competency hearing); *Mason*, 52 F.2d at 1289 (acknowledging violation of due process for legally incompetent person to be convicted). The District Court's failure to require the Magistrate Judge to determine Broaddus' mental competency for a second time did not affect a substantial right because it did not prejudice Broaddus nor affect the outcome of the proceedings.

Broaddus was not prejudiced because he was not procedurally entitled to a mental competency hearing. A person has a procedural right to a competency hearing if there is reasonable cause to believe that a defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent. *See* 18 U.S.C. § 4241(a). The December 14th Order did not find that reasonable cause existed to believe that Broaddus may be presently suffering from a mental disease. (J.A. 33A, B). It only stated that the interests of justice are best served by granting Broaddus another competency hearing, and ordered the Magistrate Judge to determine competency through any procedure necessary to ensure that Broaddus receives due process under the law. (J.A. 33A, B). Therefore, Broaddus was not entitled to a mental competency hearing based on such Order because Judge Potter never made a finding that reasonable cause existed to conduct such a hearing.

Moreover, there was no reasonable cause to believe that Broaddus was mentally incompetent to stand trial at the time Judge Mullen accepted Broaddus' plea. No clear test exists for when a court should find reasonable cause to question a defendant's competency. *See Mason*, 52 F.3d at 1290. Nonetheless, this Circuit recognizes the importance of noting the rationality of the defendant's behavior, his demeanor at trial, and any prior medical opinions on competence to stand trial when determining whether further inquiry is required into

a defendant's competency. *See General*, 278 F.3d at 397; *Mason*, 52 F.3d at 1290; *see also Drope*, 420 U.S. at 180. Reasonable cause did not exist to further question Broaddus' mental competency. First, Broaddus reported no history of mental or emotional problems. (J.A. 72). Second, Broaddus' behavior at the time he pled guilty appeared to demonstrate that Broaddus had a factual understanding of the proceedings against him and sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.[4] Third, less than two months prior to Broaddus' Rule 11 hearing, the District Court held a competency hearing and found Broaddus legally competent to stand trial. (J.A. 6). Moreover, when Judge Mullen accepted Broaddus' guilty plea, Mr. Thorsen noted that Broaddus had undergone a phenomenal change, that he is someone who is accepting the court's judgment, and that he will work with that judgment to make the best of his life. (J.A. 36). All of these factors indicate that Broaddus was competent at the time Judge Mullen accepted his plea and no further inquiry was necessary to determine his competency. Therefore, Broaddus did not plead guilty in violation of his due process rights.

---

[4]During Broaddus' Rule 11 hearing, Broaddus made several statements acknowledging his competence to plead guilty. First, Broaddus acknowledged that he was not under any influence of alcohol, medicines, or drugs. (S.J.A. 5). Second, Broaddus acknowledged that his mind was clear and that he understood that he was here to plead guilty and such plea could not later be withdrawn. (S.J.A. 6). Third, Broaddus acknowledged the charges against him and that he was guilty of the three counts in the indictment. (S.J.A. 11-12). Fourth, Broaddus acknowledged that he had enough time to discuss any possible defenses to these charges with his attorney and that he understood all parts of the proceeding. (S.J.A. 30-31). At no time during this proceeding did Mr. Thorsen raise to the Magistrate Judge that he thought Broaddus was incompetent to proceed. In fact, Mr. Thorsen indicated that Broaddus had some question about the charges and alluded to Broaddus' previous finding of competency. (S.J.A. 11). Magistrate Judge Horn clarified the charges and Broaddus acknowledged that he understood the nature of the offense and had no further questions. (S.J.A. 12).

## IV.

The District Court did not commit plain error by accepting Broaddus' guilty plea and sentencing him without having a mental competency hearing. The lack of a mental competency hearing did not affect Broaddus' substantial right to due process because reasonable cause did not exist to question Broaddus' competency. In particular, Broaddus was not procedurally entitled to a mental competency hearing and no indication existed that Broaddus was mentally incompetent to stand trial. Therefore, the District Court's acceptance of Broaddus' guilty plea is

*AFFIRMED*.